UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                             :
ANTHONY BOZZA,                          :
                              Plaintiff,   :
                                                              :     15 Civ. 3271 (LGS)
              -against-                   :
                                                              :     **OPINION AND ORDER**
COURTNEY LOVE,                      :
                                   Defendant.   :
                                                          :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/1/15

LORNA G. SCHOFIELD, District Judge:

      Plaintiff Anthony Bozza moves for permission to serve the Summons and Complaint in this action upon Defendant Courtney Love by alternative means pursuant to Federal Rule of Civil Procedure 4(e)(1). For the following reasons, the motion is granted.

**I.    DISCUSSION**

      Rule 4(e)(1) provides that an individual may be served in a judicial district of the United States pursuant to the law of the state in which the district court is located or in which service is made. In the State of New York, service may be effected upon a natural person by: (1) personal service; (2) delivering the summons within the state to a person of suitable age and discretion at the individual's actual place of business, dwelling or usual abode and mailing it to the individual; (3) serving the individual's agent within the state; or (4) affixing the summons to the individual's actual place of business, dwelling or usual abode and mailing it to the individual. N.Y. C.P.L.R. 308(1)-(4) (McKinney). "Although each of the subdivisions of CPLR 308 refers to service 'within the state,' the same methods that are used to serve process on a defendant located in New York must also be used when service is made outside New York." N.Y. C.P.L.R. 308, Practice Commentaries at C308:1 (citing N.Y. C.P.L.R. 313). Where service pursuant to paragraphs (1),

(2) and (4) is "impracticable," service may be made "in such manner as the court, upon motion without notice, directs . . . ." N.Y. C.P.L.R. 308(5).

"Though the impracticability standard 'is not capable of easy definition, it does not require the applicant to satisfy the more stringent standard of 'due diligence' under C.P.L.R. § 308(4), or to make a showing that actual prior attempts to serve a party under each and every method provided in the statute have been undertaken.'" *Tishman v. Associated Press*, 05 Civ. 4278, 2006 WL 288369, at *1 (S.D.N.Y. Feb. 6, 2006) (quoting *State St. Bank & Trust Co. v. Coakley*, 790 N.Y.S.2d 412, 413 (2d Dep't 2005)). However, "a plaintiff seeking to effect alternative service 'must make some showing that the other prescribed methods of service could not be made.'" *S.E.C v. Nnebe*, No. 01 Civ. 5247, 2003 WL 402377, at *3 (S.D.N.Y. Feb. 21, 2003) (quoting *Markoff v. South Nassau Cmty. Hosp.*, 458 N.Y.S.2d 672, 672 (2d Dep't 1983)). Courts have found the impracticability standard met where, despite a diligent search, a "plaintiff has demonstrated that her efforts to obtain information regarding the [defendant's] current residence or place of abode through ordinary means . . . had proven ineffectual." *Franklin v. Winard*, 592 N.Y.S.2d 726, 726 (1st Dep't 1993); *accord Nnebe*, 2003 WL 402377 at *3 (collecting cases).

Plaintiff has demonstrated that serving Defendant through the means provided in CPLR 308(1)-(4) would be impracticable. Plaintiff's counsel, Donald Conklin, submitted a declaration stating that he searched "court records, publicly available online records and news coverage" but could not locate a current address for Defendant. Plaintiff's counsel retained Nelson Tucker, a professional process server, to locate Defendant and serve her with the Summons and Complaint. Tucker submitted a declaration describing his attempt to serve Defendant at a public concert. Tucker also stated that he had located what may be Defendant's current address, but he has been

unable to confirm the information despite visiting the location and speaking with neighbors. Tucker states that he has unsuccessfully attempted to serve Defendant at this address "on 17 occasions between the hours of 6:25 a.m. and 10:20 p.m." These efforts are sufficient to show that Plaintiff has been unable to locate a current residential or business address for Defendant despite a diligent search, and therefore that service under CPLR 308(1)-(4) would be impracticable.

Plaintiff may effect service on Defendant by serving the Summons and Complaint on Dongell Lawrence Finney LLP ("Dongell Lawrence"), which is counsel of record for Defendant in an unrelated matter. Service by substitute means is permissible provided it comports with due process by being "reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *S.E.C. v. Tome*, 833 F.2d 1086, 1093 (2d Cir. 1987) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). This alternative service is also permissible under CPLR 308(5). *See, e.g.*, *Kelly v. Lewis*, 632 N.Y.S.2d 186, 186-87 (2d Dep't 1995) (affirming service on defendant's counsel); *Franklin*, 592 N.Y.S.2d at 726 (same); *Rampersad v. Deutsche Bank Sec., Inc.,* No. 02 Civ. 7311, 2003 WL 21073951, at *1 (S.D.N.Y, May 9, 2003) (same).

Service on Dongell Lawrence is reasonably calculated under the circumstances to apprise Defendant of this action. First, Dongell Lawrence is counsel of record for Defendant in an unrelated lawsuit currently pending in Los Angeles County Superior Court captioned *Simorangkir v. Love*, No. BC521565. Dongell Lawrence is therefore presumably in communication with Defendant. Second, although Dongell Lawrence has declined to state whether or not it represents Defendant in this action, it contacted Plaintiff about the dispute at issue in this case in January 2015. From January 2015 through the commencement of this action

in April 2015, Plaintiff's counsel corresponded with Richard A. Dongell and Marc Gans of Dongell Lawrence on several occasions about this dispute.  After commencing this action, Plaintiff's counsel provided Dongell and Gans with a copy of the Complaint and asked if they would accept service of the Complaint and was informed they were "not authorized to accept service."  Accordingly, Plaintiff is permitted to serve Defendant using this alternative means of service.

## II.     CONCLUSION

For the foregoing reasons, Plaintiff's motion is GRANTED.  Plaintiff may effect service upon Defendant by serving the Summons and Complaint, along with a copy of this Order, upon Dongell Lawrence, care of Richard A. Dongell and Marc Gans, within the time allowed by the Federal Rules of Civil Procedure.

The Clerk of Court is directed to close the motion at Docket Number 6.

SO ORDERED.

Dated: July 1, 2015
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**